UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MADIHA MINER,<br><br>                        Plaintiff,<br>     v.<br><br>KING COUNTY HOUSING<br>AUTHOIRTY – SECTION 8,<br><br>                        Defendant. | CASE NO. C19-0822JLR<br><br>ORDER DISMISSING COMPLAINT AND DENYING MOTIONS |

## I.    INTRODUCTION

Before the court are (1) *pro se* Plaintiff Madiha Miner's complaint and amended complaint (Compl. (Dkt. ## 1-1, 5); FAC (Dkt. # 6)), and (2) Magistrate Judge Mary Alice Theiler's order granting Ms. Miner *in forma pauperis* ("IFP") status and recommending that the court review Ms. Miner's action pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 7) at 1). Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is

determined that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (clarifying that "section 1915(e) applies to all [IFP] complaints," not just those filed by prisoners). As discussed below, Ms. Miner's complaints fall within the category of pleadings that the court must dismiss.

In addition, on June 25, 2019, Ms. Miner filed a series of motions (*see* Mot. 1 (Dkt. # 7); Mot. 2 (Dkt. # 9); Mot. 3 (Dkt. # 11)), which the court denies for the reasons stated below.

## II. BACKGROUND

On May 30, 2019, Ms. Miner filed a motion for leave to proceed IFP and a proposed complaint. (IFP Mot. (Dkt. # 1); Compl.) On June 6, 2019, Magistrate Judge Theiler granted Ms. Miner IFP status, and Ms. Miner's proposed complaint was filed on the docket. (IFP Order; Compl.)

In the initial complaint, Ms. Miner sued Defendant King County Housing Authority ("the Housing Authority").[1] (Compl. at 1, 4.)[2] In her complaint, Ms. Miner states that she is "pursuing a case against [the Housing Authority] for Malicious Harassment." (*Id.* at 4.) She also generally avers that the Housing Authority is violating

---

[1] The initial complaint listed two Plaintiffs: Ms. Miner and Makailah Miner. (Compl. at 1.) However, Makailah Miner is omitted from the amended complaint. (*See* FAC at 1 ("Other adult in household doesn't want to be involved.").)

[2] The court cites the page numbers located in the top, right-hand corner of each page, which are generated by the court's electronic filing system.

her civil rights. (*Id.* at 2.) She states that, since the Housing Authority is a federal entity, she believes the Housing Authority is using her information "maliciously and creating a lot of problems for [her]self and [her] family." (*Id.*) She alleges that, in October 2018, she was notified by an auto-recording that her social security number was being used fraudulently "and since then things have been changed for the worst." (*Id.*) Ms. Miner identifies several ways in which her life has deteriorated but alleges no connection between those unfortunate events and SSA's activities. For example, Ms. Miner asserts that her cars "have been vandalized or disabled." (*Id.*) She states that her internet is turned off, and she turned off her phone "due to weird activity." (*Id.*) She avers that, when she schedules appointments with doctors, her calls are redirected to federal employees who have all her information but give her the wrong information. (*Id.*) She alleges that the Housing Authority is stopping her from going to her doctors' appointments. (*Id.*) She believes that the Housing Authority is tampering with her court cases for discrimination and personal injury. (*See id.* at 4-5.) She alleges that her health is not safe with her doctors because federal employees are pretending to be nurses. (*Id.* at 5.) She has noticed that her television at home always comes on with the volume turned to the maximum. (*Id.*) She believes someone entered her home and took all her rent receipts for the current year. (*Id.*) Finally, she acknowledges that she suffers from "extreme anxiety" and feels as though she "cannot trust anyone!" (*Id.*)

On June 3, 2019, Ms. Miner filed a series of documents, which the court liberally construes as an amended complaint. (*See* FAC.) In her amended complaint, Ms. Miner adds Defendants Issaquah Police Department ("IPD"), the Social Security Administration

("SSA"), and King County Superior Court – Juvenile ("Superior Court"), although the addition of these Defendants is not noted on the court's docket. (*Id.* at 2-3; *see generally* Dkt.)[3] She makes the same allegations as in her original complaint (*compare* Compl. at 4-5, *with* FAC at 4-5) but with a few additions. (*Compare* Compl., *with* FAC.) Specifically, Ms. Miner asserts in her amended complaint that Defendants are "tampering with evidence" in her cases in Superior Court, and the Housing Authority is violating her civil rights. (FAC at 2, 6.) For relief, she asks the court to reprimand all involved employees. (*Id.* at 7.)

Finally, on June 25, 2019, Ms. Miner filed three motions: (1) a motion for default judgment (*see* Mot. 1); (2) a motion requesting a subpoena deuces tecum (*see* Mot. 2); and (3) a motion requesting the removal of her case to the Washington Supreme Court (*see* Mot. 3).

### III. ANALYSIS

As recommended by magistrate Judge Theiler, the court now considers the adequacy of Ms. Miner's complaints under 28 U.S.C. § 1915(2)(B). (*See* IFP Order at 1.) In addition, the court addresses and denies Ms. Miner's motions as more fully discussed below.

**A.     Dismissal under 28 U.S.C. § 1915(e)(2)(B)**

Section 1915(e)(2)(B) of Title 28 authorizes a district court to dismiss an IFP complaint "at any time" if the court determines: (1) the action is frivolous or malicious;

---

[3] The court cites the page numbers located in the top, right-hand corner of each page, which are generated by the court's electronic filing system.

(2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez*, 203 F.3d at 1126-27. The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). An IFP complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Id.* at 555. An IFP complaint must also comply with the pleading requirements of Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(1)(2). Although Rule 8's pleading standard does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Even liberally construed, Ms. Miner's factual allegations are wholly inadequate to plausibly establish the Defendants' liability and or raise Ms. Miner's "right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. There is no way for either the court or Defendants to discern the nature of Ms. Miner's claims based on her sparse allegations. Any such attempt would be mere speculation. Ms. Miner's complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Ms. Miner's complaint wholly fails to accomplish this requirement. Although her complaint does not need detailed factual allegations, in order to overcome the foregoing deficiencies, she must allege sufficient factual matter to place Defendants

on notice of what her claims are and the grounds upon which they rest. *Twombly*, 550 U.S. at 555-56. Because Ms. Miner fails do so, the court concludes that Ms. Miner's complaints fail to state a claim against Defendants, and the court dismisses her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).

**B.    Leave to Amend**

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless "it is absolutely clear" that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Thus, the court grants Ms. Miner fourteen (14) days to file an amended complaint that properly alleges other pleading deficiencies identified herein. If Ms. Miner fails to timely comply with this order or fails to file an amended complaint that remedies the afore-mentioned deficiencies, the court will dismiss his complaint without leave to amend.

**C.    Ms. Miner's Motions**

As noted above, on June 25, 2019, Ms. Miner filed three motions: (1) a motion for default judgment (*see* Mot. 1); (2) a motion requesting a subpoena deuces tecum (*see* Mot. 2); and (3) a motion requesting the removal of her case to the Washington Supreme Court (*see* Mot. 3). Even liberally construed, these motions are nonsensical. Ms. Miner's motion for a subpoena duces tecum asks the court "to submit all evidence with the United States Supreme [C]ourt," a request which is incoherent given the procedural posture of this case. (Mot. 2 at 1.) With respect to Ms. Miner's motion seeking removal, there is no process under law for removing an action from a federal district court to the Washington Supreme Court. (*See* Mot. 3.) Finally, concerning her motion for a default

judgment, there is no basis for considering such a motion at this time. (*See* Mot. 3.) Not only is there no order of default against any Defendant on record, *see* Local Rule W.D. Wash. LCR 55(b)(1) ("No motion for judgment by default should be filed against any party unless the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been entered."), but there is no indication that Ms. Miner has served process on any Defendant (*see generally* Dkt.); *see also* Local Rules W.D. Wash. LCR 55(a) ("The affidavit [supporting a motion for default] shall specifically show that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4."). Based on the foregoing, the court DENIES Ms. Miner's motions (Dkt. ## 7, 9, 11).

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES Ms. Miner's complaints for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(2). The court, however, GRANTS Ms. Miner leave to file an amended complaint that meets the pleading requirements of federal court with fourteen (14) days of the filing of this order. Finally, the court DENIES Ms. Miner's motions (Dkt. ## 7, 9, 11).

Dated this 28th day of June, 2019.

JAMES L. ROBART
United States District Judge